"ISAIAH HILL, Plaintiff,
*v.*

JOHN W. HARDIN, AND ISAIAH PRATHER, Defendants.
In Ordinary.

"The defendants having on the first day of this term of this court tendered a bill of exceptions in this case, and the court not having time to examine said bill of exceptions, took time until Wednesday, May 29, 1878, the sixth day of the present term, and on said day the court took up and examined, approved and signed said bill of exceptions, and ordered that the same be filed and made part of the record in this case, which is accordingly done."

The record of the first day's proceedings of the May term of the lower court, 1878, fails to show that any bill of exceptions was tendered in court, or that any further time was asked or given to prepare one, and the statement on the 6th day of the term that the bill was tendered to the court on the first day thereof, in the absence of any evidence of that fact, can only mean that the bill was tendered or handed to the judge of the court, who had held it up till the sixth day of the term, when he signed it; but the appellee was not bound to take notice of this tender of the bill to the judge. He had notice that the bill would be presented on the first day of the term, and when no order had been made in it on that day the appellee had a right to presume that the appellants had abandoned the intention of filing their bill of exceptions.

Therefore, as the record fails to show that the bill of exceptions was presented on the first day of the term, or that the time therefor was extended, the appellee being no longer in court must be presumed to have had no notice of the tender or presentation of the bill that was filed in this case.

The court could only act by its recorded orders, and having made no order on the first day thereof extending the time to the sixth day of the term, the act was unauthorized and void, and such bill of exceptions cannot be taken notice of by this court, as it composes no part of the record; and in the absence of any bill of exceptions showing the evidence and rulings of the court we must presume that the verdict and judgment result from proper rulings and sufficient evidence.

. Wherefore the judgment is *affirmed.*

*Brown & Lewis, T. B. Hill, W. C. McChord, for appellants.*
*W. H. Hayes, L. R. Thurman, for appellee.*